**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Chief Judge Regina M. Rodriguez**

Civil Action No. 23-cv-00699-RMR-SBP

SHAWN ALLEN

Plaintiff,

v.

JASON MARCOTTE;
DANYELLE MARTS;
LINDSAY STRONG; and
CHRISTINA KAVEN,

Defendants.

---

**ORDER**

---

Plaintiff Shawn Allen ("Plaintiff") was a resident of Pemberly House, a residential supportive living program managed by Defendants. After he allegedly violated residential rules, he was discharged from and ultimately vacated Pemberly House. Plaintiff initiated this suit against Defendants challenging his discharge and alleging discriminatory, disparate, and retaliatory treatment. He asserted claims under the Fair Housing Act, the Americans with Disabilities Act, Title II of the Civil Rights Act of 1964, and 42 U.S.C. § 1986.

Defendants filed a Motion for Summary Judgment, ECF No. 155, and Magistrate Judge Prose recommended the Court grant the Motion, ECF No. 187. After reviewing the record, the Court accepted and adopted the Recommendation, ECF No. 202. The Court

noted that Plaintiff's filings did not comply with the Court's practice standards but considered them nonetheless. ECF No. 202 at 1. After the Clerk of the Court entered final judgment on March 27, 2026, Plaintiff filed a Motion to Alter or Amend, ECF No. 204, and an Amended Motion to Alter or Amend, ECF No. 205. For the reasons stated below, Plaintiff's Motions to Amend are denied.

## I. LEGAL STANDARD

### A. Review of a Pro Se Litigant's Filings

Plaintiff proceeds in this matter pro se. Where a party proceeds pro se, the Court thus affords his papers and filings a liberal construction. *Smith v. Allbaugh*, 921 F.3d 1261, 1268 (10th Cir. 2019). But the Court cannot and does not act as his advocate, *United States v. Griffith*, 928 F.3d 855, 864 n.1 (10th Cir. 2019), and applies the same procedural rules and substantive law to Mr. Allen as to a represented party. *See Requena v. Roberts*, 893 F.3d 1195, 1205 (10th Cir. 2018); *see also Dodson v. Bd. of Cnty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012) ("Pro se status [ ] does not relieve [Plaintiff] of the duty to comply with the various rules and procedures governing litigants and counsel, or the requirements of the substantive law.").

### B. Motion to Reconsider

A motion for reconsideration "is an extreme remedy to be granted in rare circumstances." *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995). It is well established in the Tenth Circuit that grounds for a motion to reconsider include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete*

*v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark*, 57 F.3d at 948). Therefore, a motion to reconsider is "appropriate [only] where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

**C. Fed. R. Civ. P. 59(e) and 60**

Federal Rule of Civil Procedure 59(e) provides that a party may file a motion to alter or amend judgment no later than twenty-eight days after the entry of judgment. Fed. R. Civ. P. 59(e). "[A] motion to reconsider filed within ten days after entry of judgment is considered a Fed. R. Civ. P. 59(e) motion." *Servants of Paraclete*, 204 F.3d at 1012.

Federal Rule of Civil Procedure 60(b) states that relief from a final judgment or order is only appropriate based on "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b) relief is "extraordinary and may only be granted in exceptional circumstances." *Servants of the Paraclete*, 204 F.3d at 1009. A Rule 60(b) motion is generally an inappropriate vehicle to advance "new arguments, or supporting facts which were available at the time of the original motion." *Id.* at 1012. Parties seeking relief under Rule 60(b) have a higher hurdle to overcome because such a motion is not a

substitute for an appeal. *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005).

## II. ANALYSIS

Final judgment in this case was entered on March 27, 2026. Plaintiff filed his first Motion to Alter or Amend on March 30, 2026, and his Amended Motion to Alter or Amend on April 6, 2026. Fed. R. Civ. P. 59(e) permits a party to move to alter or amend judgment no later than twenty-eight days after the entry of judgment. Because both Motions to Alter or Amend were filed within that time frame, the Court will treat the Amended Motion as the operative Motion to Alter or Amend.

In his Amended Motion, Plaintiff contends the Court dismissed his lawsuit "despite the overwhelming evidence" that proves his claims. ECF No. 205 at 1. He suggests that the Court overlooked the exhibits he filed with his response to Defendants' Motion for Summary Judgment. *Id.* Plaintiff further elaborates on his proof of retaliation and requests the Court reverse its final order. *Id.* at 5.

A motion for reconsideration is a rare remedy only granted in exceptional circumstances. Relief from a final judgment or order is only appropriate based on "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief." Fed. R. Civ. P. 60. Rather than point to any one of these factors, Plaintiff appears to argue that the Court's "mistake" in "overlooking" his exhibits warrants reconsideration. The Court acknowledges that it did not directly cite Plaintiff's filing, ECF No. 174, in its analysis. However, the Court reviewed the record and stated, even under de novo review, the Recommendation "is thorough and consistent with existing law." Additionally, Magistrate Judge Prose carefully reviewed the summary judgment record as a whole and the applicable law construing the record in the light most favorable to Plaintiff. ECF No. 187 at 2. Both Magistrate Judge Prose and this Court considered each of Plaintiff's filings in their respective analyses. Additionally, Plaintiff does not allege that any of the specific elements allowing relief from final judgment under Fed. R. Civ. P. 60 apply in this case.

The Tenth Circuit has stated that grounds for a motion to reconsider include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Plaintiff fails to assert that any of these factors have been met. Plaintiff does not assert any intervening change in controlling law or new evidence previously unavailable. Instead, he attempts to argue "the need to correct clear error or prevent manifest injustice." In the Amended Motion to Alter or Amend, Plaintiff largely restates the arguments expressed in his prior filings. He cites his sworn affidavit and emphasizes "the truthfulness of the Amended Complaint and 'the following' under the penalty of perjury." ECF No. 205 at 2. He reiterates to the Court that the filing at ECF No. 174 is signed and dated, further highlighting its truthfulness. However, the Court granted Defendants' Motion for Summary Judgment on the basis that

Plaintiff's objections were vague and conclusory, not that they were untrue. ECF No. 202 at 6. Even if Plaintiff's allegations were true, his arguments are unavailing as they point to no specific basis on which the Court could or would reconsider its Order. Because Plaintiff fails to identify the need to correct clear error or prevent manifest injustice, Plaintiff's Amended Motion to Alter or Amend is DENIED.

## III. CONCLUSION

For the reasons set forth above, the Court ORDERS Plaintiff's Amended Motion to Alter or Amend, ECF No. 205, is DENIED. Given Plaintiff's subsequent Amended Motion, the Court FURTHER ORDERS Plaintiff's Motion to Alter or Amend, ECF No. 204, is DENIED AS MOOT.

DATED: October 30, 2026

BY THE COURT:

______________________________
REGINA M. RODRIGUEZ
Chief Judge, U.S. District Court